No. 29,724.

BEN V. LAMBORN, *Plaintiff*, v. EMMETT HUTTON, as Street Commissioner, etc., *Defendant*.

(294 Pac. 676.)

Opinion filed January 10, 1931.

*A. C. Malloy, Roy C. Davis* and *Warren H. White*, all of Hutchinson, for the plaintiff.

*Max Wyman,* of Hutchinson, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus to compel the commissioner of streets and public improvements of the city of Hutchinson, a city of the first class having a population of more than 25,000, to procure execution of a contract to pave a street. The question is whether the contract for the improvement is legal.

The improvement was initiated by petition of resident property owners, who requested that the street "be brought to grade, curbed with standard curb, guttered with a two-foot concrete gutter, and paved from gutter to gutter with a five-inch plain compacted concrete pavement. Pavement to be thirty-two feet wide from gutter to gutter." The city ordered the improvement. Bids were advertised for, competitive bids were made, and the contract was let to the successful bidder. The agreed statement of facts contains the following:

"The specifications require the compacting of the pavement by the use of machinery or equipment especially adapted for such purpose, compelling .the use of impact machines and impact conveying units, whereby moisture and air pockets are removed and said concrete pavement is reduced in thickness but increased in strength and durability. That such impacting must be done in a manner which will leave the slab free from voids and uniform in character. The method used in condensing must be such as will transmit the forces

throughout the full depth and area of the slab, providing a means for escape of air and excess water, and definitely and visibly gauge the degree of condensation obtained. That while the specifications did not designate the kind of machinery to be used to obtain the results required by the specifications, the only machinery or equipment known by the parties to accomplish such purpose is that controlled by L. S. Mackenzie, licensee, which machines are owned by the American Vibrolithic Company, which corporation claims exclusive patents on the same; and that in order to lay said proposed compacted concrete pavement in accordance with the plans and specifications, the only practicable way, so far as is known to the parties hereto, is for the successful bidder to contract with the said licensee, for the reason that the cost of compacting concrete by hand or by tamping would be too great."

The statute reads as follows:

"In case of paving, such petition shall state the width of the paving and the kind of material to be used, but such statement shall not include the naming of the brand of material or the name of the manufacturer thereof." (R. S. 13-1011.)

R. S. 13-1017 requires competitive bidding, and letting by contract to the lowest responsible bidder.

The purpose of these sections of the statute was to prevent graft and fraud in municipal construction work, and they are to be liberally construed. While in this instance the material of the pavement is material of any concrete pavement, the petition, the engineer's specifications, and the contract required impacted concrete, and the necessary effect is precisely the same as if "Smith's patented brand of concrete pavement" were specified. The concrete cannot be made into a pavement except by obtaining permission of the licensee of the Vibrolithic company's patented machines and processes. The licensee can deal with whom he will on whatever terms he desires, and the threatened result is that competition will be stifled, and but one person can bid on a compacted concrete paving job.

In this instance the licensee offered to bidders for this work the Vibrolithic machines and equipment, materials, advice, service and supervision, all for 48 cents per square yard of finished pavement. The licensee did not bid, and the bidding was in fact competitive. That, however, does not cure the defect in the contract. The licensee's offer was for this job only, and to recognize the contract as valid is to open the door to future accomplishment by indirection of results which the legislature sought to prevent.

In a very able and exhaustive brief attorneys for plaintiff show

that in this age of scientific invention and progress the tendency of judicial opinion is not to deny to municipalities privilege to use modern methods and improvements. The attitude of this court toward the statutes in question was declared in 1906 and 1912, in the cases of *Surety Co. v. Brick Co.*, 73 Kan. 196, 84 Pac. 1034, and *Pollock v. Kansas City*, 87 Kan. 205, 123 Pac. 985. If the policy reflected by the statutes and these decisions is to be changed the change must be made by the legislature.

The writ is denied.